UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LC WHITE PLAINS RETAIL, LLC,                :

                         Plaintiff,    :    Civil Action No.

      -against-                                  :    NOTICE OF REMOVAL

FILENE'S BASEMENT, INC.,                    :

                         Defendant.    :
-----------------------------------------------------------------x

        PLEASE TAKE NOTICE THAT Defendant Filene's Basement, Inc. ("Defendant" or "Filene's Basement") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and in support of this Notice states as follows:

        1.     On July 3, 2008, Plaintiff LC White Plains Retail, LLC filed a Verified Complaint in the Supreme Court of the State of New York, in and for the County of Westchester, bearing the caption *LC White Plains Retail, LLC v. Filene's Basement, Inc.*, Index No. 14908/08. Copies of Plaintiff's Summons and Verified Complaint are attached hereto as Exhibit A.

        2.     On or about July 7, 2008 the Summons and Verified Complaint were served upon the New York Secretary of State, ostensibly in accordance with the provisions of N.Y. Bus. Corp. Law § 306.

        3.     On or about July 11, 2008 the Summons and Verified Complaint were served by certified mail upon Corporation Service Company, as registered agent for Filene's Basement.

1

4.  As this notice of removal is filed within thirty days of Defendant's receipt of the Summons and Verified Complaint, it is timely pursuant to 28 U.S.C. § 1446.

## BACKGROUND

5.  In its Verified Complaint, Plaintiff seeks a declaratory judgment and the recovery of over $500,000.00 in rent from Filene's Basement following Filene's Basement contractually permitted termination of a certain 2004 Lease Agreement between the parties (hereinafter the "Lease"), pursuant to which Filene's Basement leased from Plaintiff approximately 77,468 square feet of retail space in the shopping center known as City Center at White Plains, New York (hereinafter the "Center").

6.  More specifically, Plaintiff seeks a declaratory judgment that it did not breach the express terms of the Lease – and that Filene's Basement was therefore not permitted to terminate the Lease in accordance with its terms – when Plaintiff, in contravention of various express covenants contained in the Lease, executed an agreement to lease approximately 35,000 square feet of adjacent space in the Center to Nordstrom Inc. for the purpose of operating a Nordstrom Rack junior department store, one of Filene's Basement's primary and principal competitors. Plaintiff further seeks the recovery of $512,038.22 in rent that Plaintiff alleges has become due and payable subsequent to the date on which Filene's Basement notified Plaintiff of its breach(es) of the Lease and Filene's Basement resultant decision to cancel the Lease in accordance with its terms.

2

## JURISDICTION AND VENUE

7.  As alleged in Plaintiff's Verified Complaint, Plaintiff is, and at the time this action was commenced Plaintiff was, a limited liability company duly organized and existing under and by virtue of the laws of the State of New York with its principal place of business at 115 Stevens Avenue, Valhalla, New York 10595. See Exhibit A, Compl. at ¶ 1. Moreover, upon information and belief, each member of the Plaintiff is a citizen of New York and none of them is a citizen of Delaware or Massachusetts.

8.  Defendant Filene's Basement is, and at the time this action was commenced, was, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware with its principal place of business at 25 Corporate Drive, Suite 400, Burlington, Massachusetts 01803.

9.  By virtue of the foregoing, there is complete diversity of citizenship between Plaintiff and Filene's Basement.

10. As alleged in Plaintiff's Verified Complaint, Plaintiff seeks in this action, in addition to declaratory relief of the type described above, monetary relief in the amount of $512,038.22. See Exhibit A, Compl. at ¶ 13 & p. 5. Accordingly, the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000.

11. Because the Plaintiff and the Defendant are citizens of different states and the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

12. Removal of this action is thus proper pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Defendant requests that the New York State Supreme Court, Westchester County, proceed no further with Index No. 14908/08, and that said action be removed from that court to the United States District Court for the Southern District of New York.

Dated: New York, New York
      August 5, 2008

                                      Respectfully submitted,

                                      _____
                                      David R. Fertig (DF-5068)
                                      J. Philip Rosen (PR-    )
                                      Weil, Gotshal & Manges LLP
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Tel. (212) 310-8000
                                      Fax (212) 310-8007
                                      e-mail: david.fertig@weil.com
                                      e-mail: Philip.rosen@weil.com

                                      *Attorneys for Defendant,*
                                      *Filene's Basement, Inc.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------X
LC WHITE PLAINS RETAIL, LLC

                                Plaintiff,

   -against-

FILENE'S BASEMENT, INC.,

                                Defendant.
-------------------------------------------------------------X

Index No. 14808/08
Date Purchased: 7/3/08

**SUMMONS**

RECEIVED
JUL 3 - 2008
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

TO THE ABOVE NAMED DEFENDANT:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a Notice of Appearance on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within thirty days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

      Plaintiff designates Westchester County as the place of trial of this action. The basis of venue designated is Plaintiff's principal place of business.

Dated:      White Plains, New York
                July 2, 2008

                                              DelBello Donnellan Weingarten
                                              Wise & Wiederkehr, LLP
                                              Attorneys for Plaintiff

                                              By: _____
                                                    Frank J. Haupel
                                              One North Lexington Avenue
                                              White Plains, New York 10601
                                              (914) 681-0200

Defendant's Address:
Filene's Basement, Inc.
4150 East Fifth Avenue
Columbus, Ohio 43219

1252464
0027528-006

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------x
LC WHITE PLAINS RETAIL, LLC,

              Plaintiff,

-against-

FILENE'S BASEMENT, INC.,

              Defendant.
----------------------------------------------------------x

Index No. 14908/08
Date Purchased: 7/3/08

**VERIFIED COMPLAINT**

RECEIVED
JUL 3 - 2008
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

      The Plaintiff, LC White Plains Retail, LLC ("Plaintiff"), by its attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, as and for its Verified Complaint ("Complaint"), respectfully alleges the foregoing upon its present knowledge, information and belief:

      1. The Plaintiff, LC White Plains Retail, LLC ("LC White Plains") was at all times hereinafter mentioned, and still is, a limited liability company duly organized and existing under and by virtue of the laws of the State of New York, and maintains its principal place of business located at 115 Stevens Avenue, Valhalla, New York 10595.

      2. Upon information and belief, the Defendant, Filene's Basement, Inc. ("Filene's"), was at all times hereinafter mentioned, and still is, a foreign corporation duly organized and existing under and by virtue of the laws of the State of Delaware, and maintains an office for the transaction of business located at 4150 East Fifth Avenue, Columbus, Ohio 43219.

      3. Upon information and belief, Filene's was at all times hereinafter mentioned, and still is, a foreign corporation, duly organized and existing under and by virtue

of the laws of the State of Delaware, duly authorized to transact business in the State of New York.

4. At all relevant times hereinafter mentioned, Filene's maintained an office for the transaction of business located in the County of Westchester, State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION

5. Plaintiff repeats, realleges and reiterates each and every allegation contained in Paragraphs designated "1" through "4" of the Complaint herein with the same force and effect as if fully set forth herein at length.

6. Pursuant to Lease December, 2003 ("Lease") executed by LC White Plains, as Landlord, on January 12, 2004, and by Filene's, as Tenant, on December 24, 2003, LC White Plains leased to Filene's and Filene's rented from LC White Plains, approximately 77,468 sq. ft. of space located on the second (2nd) floor of a multi-tenant building known as "City Center" in White Plains, New York.

7. The premises leased to Filene's by LC White Plains pursuant to the Lease was defined as being the "Leased Premises."

8. Pursuant to the express terms of the Lease, LC White Plains agreed to Lease and Filene's agreed to rent the Leased Premises for an initial term of ten (10) years, with the option to exercise, in the absence of default, four (4) separate renewal options for a period of five (5) years each..

9. In consideration of Filene's possession and occupancy of the Leased Premises for the term of the Lease, Filene's agreed to pay on a monthly basis and in advance, and LC White Plains agreed to accept, Base Rent, as more particularly described in Section 4 of the Lease, together with a percentage of Filene's Gross Sales as particularly set forth in

Section 4.03 of the Lease, and Additional Rent, as more particularly defined in Sections 12.09(b) and 13 of the Lease, consisting of Filene's proportionate share of taxes, insurance obligations, and common area maintenance costs for the City Center, wherein the Leased Premises were located.

10. Pursuant to Section 17.01(e) of the Lease, in the event of a default by Filene's under the terms of Lease, LC White Plains was, in addition to any other remedies available to it at law or in equity, provided with the ability to exercise options as set forth in said Section, including, but not limited to, termination of the Lease term and Lease.

11. Filene's has defaulted under the terms of the Lease by failing to make payments when due under the Lease to LC White Plains, and owes LC White Plains the sum of $717,038.22, less credit for the sum of $205,000.00 as a tenant improvement allowance as defined in the Lease.

12. LC White Plains has previously elected and hereby elects to commence this action to recover the amount due to date from Filene's on account of its default and breach of the terms of the Lease, and reserves all rights and remedies to bring other and further periodic actions during the remainder of the Lease term or at the termination thereof. LC White Plains specifically reserves all of its other rights and remedies under the Lease.

13. By reason of the foregoing, as of July 1, 2008, Filene's is justly indebted to LC White Plains for the sum of $512,038.22, together with interest, and the costs and disbursements of this action, none of which has been paid, although duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION

14. Plaintiff repeats, realleges and reiterates each and every allegation contained in Paragraphs designated "1" through "13" of the Complaint herein with the same force and effect as if fully set forth herein at length.

15. Pursuant to Section 37.01 of the Lease, it was expressly provided, in pertinent part, that:

> "37.01 Landlord shall maintain in the Center a mix of tenants as will best serve the interest of the tenants of the Center, provided that during the term of this Lease, including any renewal periods, and so long as Tenant is regularly operating its business as a junior department store in the Leased Premises during reasonable business hours, Landlord will not lease any space within the Center or permit any space within the Center to be used by any person, persons, partnership or entity for use as a junior department store, such as the type of business currently operated by TJ Maxx, Marshall's, Loehman's, Daffy Dan's and Century 21."

16. Pursuant to Lease dated January 25, 2008 between LC White Plains, as landlord, and Nordstrom, Inc.("Nordstrom"), as tenant, Nordstrom agreed to rent approximately 35,000 square feet of retail space from LC White Plains located on the second floor of the City Center ("Nordstrom Lease"). The Lease is for an initial term of ten (10) years, with the option for four (4) periods of renewal of five (5) years each.

17. Filene's has claimed that LC White Plains is in breach of Section 37.01 of the Lease by having entered into the Nordstrom Lease, thereby entitling Filene's to terminate its Lease.

18. LC White Plains disputes that the Nordstrom Lease constitutes a violation of the restriction contained in Section 37.01 of the Lease so as to provide grounds for Filene's to terminate its Lease or otherwise hold LC White Plains in default under the Lease.

19. Based upon the foregoing, LC White Plains demands judgment pursuant to CPLR § 3001 declaring the rights and obligations of the parties under the terms of Section 37.01 of the Lease and the Lease, including a finding that the lease of space to Nordstrom pursuant to the Nordstrom Lease was not in violation of Section 37.01 of the Lease.

WHEREFORE, Plaintiff, LC White Plains Retail, LLC, demands Judgment as follows:

(1) On the First Cause of Action against the Defendant, Filene's, in the sum of $512,038.22, with interest, and the costs and disbursements of this action;

(2) On the Second Cause of Action for a declaratory judgment decreeing and declaring the rights and obligations of the parties pursuant to Section 37.01 of the Lease, and declaring that entering into the Nordstrom Lease by LC White Plains did not constitute a violation of the terms of Section 37.01 so as to provide Filene's with a basis to declare LC White Plains in default under the Lease, and/or to take steps to terminate or excuse its performance under the Lease, as tenant, based upon the conduct of LC White Plains in entering into the Nordstrom Lease; and

(3) Together with such further, other and different relief as to the Court may seem just and proper.

Dated: White Plains, New York
July 2, 2008

                        DelBello Donnellan Weingarten
                        Wise & Wiederkehr, LLP
                        Attorneys for Plaintiff

                        By: _____
                             Frank J. Haupel
                        One North Lexington Avenue
                        White Plains, New York 10601
                        (914) 681-0200

## VERIFICATION

STATE OF NEW YORK            )
                             )ss.:
COUNTY OF WESTCHESTER        )

**BRUCE BERG**, being sworn says: I am a Member of **LC WHITE PLAINS RETAIL, LLC**, a New York Limited Liability Company, the Plaintiff in the within action; I have read the annexed Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. I am acquainted with the facts. My belief as to those matters therein not stated upon knowledge, is based upon possession of all original records and documents, and conversations with the attorney representing **LC WHITE PLAINS RETAIL, LLC** in this action.

_____
BRUCE BERG

Sworn to before me this
2nd day of July, 2008

_____
Notary Public

FRANK J. HAUPEL
Notary Public, State of New York
No 4778594
Qualified in Westchester County
Commission Expires Sep 30, 2010

1252467
0027521-006

6



STATE OF NEW YORK, COUNTY OF                                                         ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐   certify that the annexed
*Attorney's Certification*   has been compared by me with the original and found to be a true and complete copy thereof.

☐   say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
    . I have read the annexed
*Attorney's Verification by Affirmation*   know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of      is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:
                                                             *(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                                 ss:
                                          being sworn says: I am

☐   in the action herein; I have read the annexed
*Individual Verification*   know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.
    the      of

☐   a corporation, one of the parties to the action; I have read the annexed
*Corporate Verification*   know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.
My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on             , 20
                                                            *(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                                 ss:
                                        being sworn says: I am not a party to the action, am over 18 years of age and reside at
    On                , 20   , I served a true copy of the annexed
                                          in the following manner:

☐   by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service,
*Service by Mail*   addressed to the address of the addressee(s) indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐   by delivering the same personally to the persons at the address indicated below:
*Personal Service*

☐   by transmitting the same to the attorney by facsimile transmission to the facsimile telephone number designated by the attorney for that
*Service by Facsimile*   purpose. In doing so, I received a signal from the equipment of the attorney served indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service, addressed to the address of the addressee(s) as indicated below, which has been designated for service by the addressee(s) or, if no such address has been designated, is the last-known address of the addressee(s):

☐   by transmitting the same to the attorney by electronic means upon the party's written consent. In doing so, I indicated in the subject matter
*Service by Electronic Means*   heading that the matter being transmitted electronically is related to a court proceeding:

☐   by depositing the same with an overnight delivery service in a wrapper properly addressed, the address having been designated by the
*Overnight Delivery Service*   addressee(s) for that purpose or, if none is designated, to the last-known address of addressee(s). Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on             , 20

                                                            *(Print signer's name below signature)*



DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
COUNSELLORS AT LAW

Index No. 14908/08 · Year 20

# SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF WESTCHESTER

LC WHITE PLAINS RETAIL, LLC,

                    Plaintiff,

-against-

FILENE'S BASEMENT, INC.,

                    Defendant.

## SUMMONS AND VERIFIED COMPLAINT

DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
COUNSELLORS AT LAW

Attorneys for

Plaintiff

ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NEW YORK 10601

(914) 681-0200

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: .................................    Signature ..................................................................................

                                                     Print Signer's Name .........................................................

Service of a copy of the within                                           is hereby admitted.

Dated:

                                                    Attorney(s) for

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on      20

☐ NOTICE OF SETTLEMENT

that an Order of which the within is a true copy will be presented for settlement to the
Hon.                               , one of the judges of the within-named Court,
at
on                       20    , at          M.

Dated:

                                                      DELBELLO DONNELLAN WEINGARTEN
                                                      WISE & WIEDERKEHR, LLP
                                                      COUNSELLORS AT LAW

                                Attorneys for

To:

                                                      ONE NORTH LEXINGTON AVENUE
                                                      WHITE PLAINS, NEW YORK 10601

Attorney(s) for



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

EZB / ALL
Transmittal Number: 5898234
Date Processed: 07/11/2008

| | |
|---|---|
| Primary Contact: | Lisa Luby<br>Value City Department Stores c/o Schottenstein Stores Corp.<br>3241 Westerville Road<br>Columbus, OH 43224 |
| Copy of transmittal only provided to: | Ms. Shereika Peaks |
| Entity: | Filene's Basement, Inc.<br>Entity ID Number 2101465 |
| Entity Served: | Filene's Basement, Inc. |
| Title of Action: | LC White Plains Retail, LLC vs. Filene's Basement, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Westchester Supreme Court, New York |
| Case Number: | 14908/08 |
| Jurisdiction Served: | New York |
| Date Served on CSC: | 07/11/2008 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | Served on NY SOS on 07/07/2008 |
| How Served: | Certified Mail |
| Plaintiff's Attorney: | Frank J. Hauperl<br>914-681-0200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

To avoid potential delay, please do not send your response to CSC
CSC is SAS70 Type II certified for its Litigation Management System.
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com



**CERTIFIED MAIL**

7111 5475 5583 3663 5768

RETURN RECEIPT REQUESTED

Article Addressed To:
FILENE'S BASEMENT, INC.
C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

Sender:
New York State Department of State
41 State Street
Albany, NY 12231

Receipt # 200807090178

COMPLETE THIS SECTION ON DELIVERY
A. Signature: ( ☐ Addressee or ☐ Agent)
X
B. Received By: (Please Print Clearly)
C. Date of Delivery
D. Addressee's Address (If Different From Address Used by Sender.)
Secondary Address / Suite / Apt. / Floor (Please Print Clearly)
Delivery Address
City                    State    ZIP + 4 Code

DEPARTMENT OF STATE
UNIFORM COMMERCIAL CODE
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

DOS-1248 (1/08)

State of New York - Department of State
Division of Corporations

Plaintiff/Petitioner:
LC WHITE PLAINS RETAIL, LLC

Party Served:
FILENE'S BASEMENT, INC.

C/O CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

Dear Sir/Madam:

Enclosed herewith is a legal document which was served upon the Secretary of State on 07/07/2008 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations