UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LC WHITE PLAINS RETAIL, LLC,

                        Plaintiff,

   -against-

FILENE'S BASEMENT, INC.,

                        Defendant.
------------------------------------------------------X

**ANSWER TO COUNTERCLAIMS**

08 Civ. 6991 (KMK) (LMS)

      The Plaintiff, LC White Plains Retail, LLC ("LC White Plains"), by its attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, as and for its Answer to the Counterclaims of the Defendant, Filene's Basement, Inc. ("Filene's), herein alleges the following, upon its present knowledge, information and belief:

      1.    Can neither admit nor deny the allegations contained in Paragraph designated 1 of the Counterclaims, except denies that LC White Plains breached the Lease, and further denies that any effort by Filene's to elect to cancel the Lease and pay alternative rent were valid, effective or lawful.

      2.    Can neither admit nor deny the allegations contained in Paragraph designated 2 of the Counterclaims, except denies any breaches of the terms of the Lease by LC White Plains.

      3.    Can neither admit nor deny the allegations contained in Paragraph designated 3 of the Counterclaims, except LC White Plains denies any overpayments of rent, common area maintenance charges, and real estate taxes by Filene's.

      4.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs designated 4 and 5 of the Counterclaims.

5. Admits the allegations contained in Paragraphs designated 6 and 7 of the Counterclaims.

6. Can neither admit nor deny the allegations contained Paragraph designated 8 of the Counterclaims.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph designated 9 of the Counterclaims.

8. Can neither admit nor deny the allegations contained in Paragraph designated 10 of the Counterclaims.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph designated 11 of the Counterclaims.

10. Admits the allegations contained in Paragraph designated 12 of the Counterclaims.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs designated 13, 14, 15, 16, 17, 18, 19, 20 and 21, and begs leave to refer to the original Lease at the time of trial for the true and exact content thereof, and refers all questions of law to the Court.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph designated 22 of the Counterclaims.

13. Denies the allegations contained in Paragraph designated 23 of the Counterclaims.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs designated 24 and 25 of the Counterclaims.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph designated 26 of the Counterclaims, except denies that LC White Plains was in breach of any term or provision of the Lease.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph designated 27 of the Counterclaims, and begs leave to refer to the original Lease at the time of trial for the true and exact content thereof, and refers all questions of law to the Court.

17. Denies the allegations contained in Paragraph designated 28 of the Counterclaims.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph designated 29 of the Counterclaims, except denies that LC White Plains was in breach or default of any term or provision of the Lease, and further denies the effectiveness of any effort by Filene's to cancel the Lease.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph designated 30 of the Counterclaims.

20. Denies the allegations contained in Paragraph designated 31 of the Counterclaims.

21. Admits the allegations contained in Paragraph designated 32 of the Counterclaims, except denies that commencement of the action was the first time that Filene's was put on notice that it did not have the right to terminate the Lease or pay the alternative rent prescribed by Section 37.04 of the Lease.

22. Denies the allegations contained in Paragraph designated 33 of the Counterclaims, except as otherwise pleaded herein.

23. Denies knowledge or information sufficient to form a belief as the allegations contained in Paragraph designated 34 of the Counterclaims, except denies that LC White Plains breached any term or provision of the Lease, or any implied covenant of good faith and fair dealing.

24. Denies knowledge or information sufficient to form a belief as the allegations contained in Paragraph designated 35 of the Counterclaims, and begs leave to refer to the content of the Complaint at the time of trial for the true and exact content thereof, and refers all questions of law to the Court.

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph designated 36 of the Counterclaims, except admits that there now exists an actual, justiciable controversy between Filene's and LC White Plains regarding their respective legal rights, duties and obligations under the Lease.

26. Can neither admit nor deny the allegations contained in Paragraph designated 37 of the Counterclaims.

27. Denies each and every allegation contained in Paragraph designated 38 of the Counterclaims, except as otherwise pleaded herein.

28. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph designated 39 of the Counterclaims.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph designated 40 of the Counterclaims.

30. Denies the allegations contained in Paragraphs designated 41, 42 and 43 of the Counterclaims.

31. Denies each and every allegation contained in Paragraph designated 44 of the Counterclaims, except as otherwise pleaded herein.

32. Can neither admit nor deny the allegations contained in Paragraph designated 44 of the Counterclaims.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph designated 46 of the Counterclaims, and begs leave to refer to the original Lease at the time of trial for the true and exact content thereof., and refers all questions of law and interpretation to the Court.

34. Denies the allegations contained in Paragraph designated 47 of the Counterclaims.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph designated 48 of the Counterclaims, and begs leave to refer to the original Lease at the time of trial for the true and exact content thereof, and refers all questions of law and of interpretation of the provisions of the Lease to the Court.

36. Denies the allegations contained in Paragraphs designated 49, 50, 51, 52 and 53.

37. Denies each and every allegation contained in Paragraph designated 54 of the Counterclaims, except as otherwise pleaded herein.

38. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of the Counterclaims, except admits that Filene's has made certain payments to LC White Plains under the terms of the Lease.

39. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs designated 56, 57, 58 and 59 of the Counterclaims, except admits that LC White Plains has received certain payments from Filene's.

40. Denies the allegations contained in Paragraphs designated 60 and 61 of the Counterclaims.

### FIRST AFFIRMATIVE DEFENSE

41. Filene's is barred from recovery on each of its Counterclaims by reason of the Statute of Frauds.

### SECOND AFFIRMATIVE DEFENSE

42. Filene's is equitably estopped from recovery on any of its Counterclaims.

### THIRD AFFIRMATIVE DEFENSE

43. Filene's claims for relief pursuant to its Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

44. The recovery by Filene's, if any, under any of its Counterclaims, must be eliminated or reduced on the ground, and to the extent, that Filene's failed to mitigate its alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

45. Filene's claims for relief and recovery under each of its Counterclaims is barred, in whole or in part, by the express terms of the Lease.

### SIXTH AFFIRMATIVE DEFENSE

46. Filene's claims for relief and recovery under any of its Counterclaims is barred, in whole or in part, by failure of a condition precedent to the extent that any lease entered with Nordstrom Rack would not constitute a breach of any term or provision of the Lease.

### SEVENTH AFFIRMATIVE DEFENSE

47. Filene's claims for relief and recovery under each of its Counterclaims is barred, in whole or in part, by Filene's own material breaches of the Lease.

### EIGHTH AFFIRMATIVE DEFENSE

48. Filene's claims for relief and recovery under each of its Counterclaims is barred, in whole or in part, by the doctrine of waiver, ratification, and/or consent.

WHEREFORE, Plaintiff, LC White Plains Retail, LLC, demands Judgment as follows:

(1) Dismissing the Defendant's First, Second, Third and Fourth Counterclaims in their entirety; and

(2) Together with such further, other and different relief as to the Court may seem just and proper.

Dated: White Plains, New York
August 28, 2008

> DelBello Donnellan Weingarten
> Wise & Wiederkehr, LLP
> Attorneys for Plaintiff
> LC White Plains Retail, LLC
>
> By: S/ Frank J. Haupel
> Frank J. Haupel (FH 8281)
> One North Lexington Avenue
> White Plains, New York 10601
> Telephone: (914) 681-0200

1258031
0027528-014

        Fax:    (914) 684-0288
        E-mail:  fjh@ddw-law.com

TO:
David R. Fertig, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

## CERTIFICATE OF SERVICE

      I, FRANK J. HAUPEL, ESQ., an attorney duly admitted to practice in the Courts of the State of New York and in this District, hereby certifies that on August 28, 2008, I personally caused a copy of the within Answer to Counterclaims to be served by first class mail, postage prepaid and to be electronically filed.

                                  _S/ .Frank J. Haupel (FH 8281)

TO:
David R. Fertig, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
e-mail: david.fertig@weil.com

1258126
0027528-014